**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr. Ste. 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (212) 989-9163
Email: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ROBERTS, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| MUSICAL.LY, INC. | |
| Defendant. | |

CLASS ACTION COMPLAINT

Plaintiff Patrick Roberts ("Plaintiff" or "Mr. Roberts"), individually and on behalf of all others similarly situated, alleges the following on information and belief against Musical.ly, Inc. ("Musical.ly" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").  Plaintiff brings this Complaint to: (1) stop Defendant's practice of sending text messages using an automatic telephone dialing system ("ATDS") to the cellular telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendant from continuing to send text messages using an ATDS to consumers who did not provide their prior express written consent to receive them; and (3) obtain redress for all persons injured by its conduct.

**PARTIES**

1. Plaintiff Patrick Roberts is, and at all times mentioned herein was, a resident of Vallejo, California, and a citizen of the State of California.

2. Defendant Musical.ly, Inc. is a corporation organized under the laws of California, with a principal place of business at 1920 Olympic Boulevard, Santa Monica, CA 90404. Musical.ly conducts business in this District and throughout the United States.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

4. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

5. This Court has personal jurisdiction over Defendant because Defendant sent and continues to send unwanted autodialed text messages in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendant sent and continues to send unwanted autodialed text messages in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.    The TCPA Of 1991**

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers."  47 U.S.C. § 227(a)(1).  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

10. According to 47 U.S.C. §227(a)(1), the ban on telephone calls made by using an automatic telephone dialing system ("ATDS") extends to unsolicited autodialed text messages sent to cellular phones.  *Gager v. Dell Fin. Servs., Inc.,* 727 F.3d 265, 269 n.2 (7th Cir. 2013); FCC Declaratory Ruling, 27 F.C.C.R. 15391, 2012 WL 5986338 (Nov. 29, 2012).  The Federal Communications Commission has declared that unsolicited text messages are "[a]nnoying and

time-consuming," as well as "[i]ntrusive and costly." FCC Guide, Spam: Unwanted Text Messages and Email, http://www.fcc.gov/guides/spam-unwanted-text-messages-and-email. Pursuant to 47 U.S.C. §227(b)(1)(A)(iii), it is illegal for Defendant to send unsolicited text messages to its users without their prior consent.

**B.      Defendant's Text Messages to Plaintiff and Class Members**

11. Prior to receiving the text messages at issue, Plaintiff never had any contact with Defendant. He is not a customer of Defendant and does not owe Defendant a debt.

12. Musical.ly texted Plaintiff using an automatic telephone dialing system without his prior express written consent at least three times, including two messages on December 25, 2018 and one on December 26, 2018 from the short code telephone number 59109:



13. The impersonal nature of these text messages and the number of complaints from consumers (set out below) indicate that Defendant was texting consumers from a list of telephone numbers and without human intervention.

14. At all times material to this Complaint, Defendant was and is fully aware that unwanted autodialed text messages are being sent to consumers' telephones through its own efforts and those of its agents.

15. Defendant knowingly sent (and continues to make) autodialed text messages to consumers' telephones without the prior express written consent of the recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

16. Online consumer complaints regarding Defendant's unsolicited text messages from this same number are legion:

- "I have texted stop & messages continue. Please help"

- "Received four unsolicited text messages from this number. Have responded with HELP, STOP and CANCEL, with no reply or confirmation received"

- "Never heard of this and did not request. I don't like to respond when unsolicited so deleted them."

- "I have never used this app before in my life and do not have it installed anywhere. I had never heard of it before receiving the sms."

- "I got a verification code sent to me from this number. I don't have anything to do with this app. There is no reason I should be receiving a verification code."

- "No clue who these folks are."

- "no idea what this is regarding"

17. These complaints represent just a small sampling of voluminous customer complaints regarding Musical.ly's practices and clear violations of the TCPA.

**CLASS ACTION ALLEGATIONS**

18. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

19. Plaintiff proposes the following Class definition:
All persons within the United States who (a) received a text message on his or her cellular telephone; (b) made by or on behalf of Defendant; (c) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

20. Plaintiff represents, and is a member of, these proposed class. Excluded from the Classes is Defendant and any entities in which Defendant has a controlling interest, Defendant's

agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

21. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the classes are so numerous that individual joinder would be impracticable.

22. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing text messages, and violations of their statutory rights.

23. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

24. The proposed class can be identified easily through records maintained by Defendant.

25. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant sent text messages to Plaintiff and class members using an ATDS without prior express consent;
   b. Whether Defendant's conduct was knowing and/or willful;
   c. Whether Defendant is liable for damages, and the amount of such damages, and
   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

26. **Typicality.** Plaintiff asserts claims that are typical of each member of the classes because they are all persons who received text messages on their telephones sent using an ATDS without their prior express written consent. Plaintiffs will fairly and adequately represent and

protect the interests of the proposed class, and have no interests which are antagonistic to any member of the proposed class.

27. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

28. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

29. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

30. Class wide relief is essential to compel Defendant to comply with the TCPA.

31. The interest of the members of the proposed class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

32. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the text messages at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize transmissions to their telephones.

33. Defendant has acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate.

34. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.**

35. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

37. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to treble damages of up to $1,500.00 for each and every text message sent in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

38. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

39. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

40. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

42. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to an award of $500.00 in statutory damages for each and every text message sent in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff and members of the proposed class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

44. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed class the following relief against Defendant:

    a.    Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    b.    As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every text message that violated the TCPA;

    c.    As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every text message that violated the TCPA;

    d.    An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

    e.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

    f.    Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  January 14, 2019          Respectfully submitted,

                                            By:   */s/ L. Timothy Fisher*
                                                        L. Timothy Fisher

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com


**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr. Ste. 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (212) 989-9163
Email: scott@bursor.com

*Attorneys for Plaintiff*