**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:   ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr. Ste. 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

(*Additional Counsel Listed on Signature Page*)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ROBERTS, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>      v.<br><br>MUSICAL.LY, INC.,<br><br>                              Defendant. | Case No.  2:19-cv-00098-KJM-CKD<br><br>**JOINT STATUS REPORT** |

**JOINT STATUS REPORT**

Plaintiff Patrick Roberts ("Plaintiff") and Defendant Musical.ly, Inc. ("Musical.ly" or "Defendant") (collectively, the "Parties") hereby submit this Joint Status Report pursuant to the Order Setting Status Conference issued by this Court on January 15, 2019 (Dkt. No. 3) and Federal Rule of Civil Procedure 26(f).

**BACKGROUND**

On January 14, 2019, Plaintiff filed a putative class action complaint ("Complaint") alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Dkt. No. 1. Plaintiff alleges that he received three "verification code" text messages for Defendant's mobile phone application ("app"), but that he did not consent to receive text messages from Defendant. On February 27, 2019, Defendant filed a Motion to Dismiss the Complaint and Strike the Class-Related Allegations ("Motion to Dismiss/Strike"). Dkt. No. 8. Plaintiff filed his Opposition to the Motion to Dismiss/Strike on April 5, 2019 (Dkt. No. 10), and Defendant filed its Reply in Support on May 15, 2019 (Dkt. No. 15). Oral argument on the Motion to Dismiss/Strike is currently scheduled for May 31, 2019.

    **A.**    **Summary of the Claims and Legal Theories**

Plaintiff's Position

Plaintiff brings this action against Defendant to stop its practice of sending unsolicited text messages to consumers. In particular, Defendant texts consumers' cellular telephones using an automatic telephone dialing system in order to deliver telemarketing messages without their prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). Accordingly, Plaintiff seeks damages and injunctive relief for himself and all other similarly situated.

Defendant engaged in telemarketing/advertising, directly and/or through its authorized agents acting on Defendant's behalf, by text messaging cellular telephone numbers throughout California and the greater United States using both an automatic telephone dialing system to

deliver a message or short message service (otherwise known as "text messaging" or a "text message") without the prior unambiguous written express consent of the called party.

<u>Defendant's Position</u>

Defendant denies that it is liable to Plaintiff or any absent putative class member in any respect, including for the reasons set forth in its pending Motion to Dismiss/Strike, filed on February 27, 2019, and supporting documents. Plaintiff cannot satisfy the elements of his TCPA claim. First, Defendant did not send the challenged texts using an "automatic telephone dialing system" ("ATDS"). Second, Defendant was not the "maker" of the challenged text messages. Third, there is nothing to suggest that Plaintiff was the user or subscriber of the cellphone that received the challenged texts at the time the challenged texts were sent. Defendant also denies that any class can be certified in this case for the reasons, among others, set forth in the Motion to Dismiss/Strike.

**B.   Status of Service**

Service of the Complaint is complete. Plaintiff served Defendant on January 16, 2019. Dkt. No. 4. At this time, neither Plaintiff nor Defendant anticipates serving process on additional parties not yet served.

**C.   Possible Joinder Of Additional Parties**

<u>Plaintiff's Position</u>

Other than the named parties and the members of the proposed class, Plaintiff is presently unaware of any additional parties who have an interest that could be substantially affected by the outcome of this litigation.

<u>Defendant's Position</u>

Defendant does not anticipate joining any additional parties.

**D.     Amendment Of Pleadings**

<u>Plaintiff's Position</u>

Plaintiff does not intend on amending the complaint unless discovery reveals third-party involvement in the conduct alleged in the complaint, in which case an amended complaint, or a motion for leave to amend, would be filed promptly upon discovery of such third-parties.

<u>Defendant's Position</u>

Defendant reserves all rights to oppose any motion for leave to file any amended complaint filed by Plaintiff or move to dismiss any amended complaint.

**E.     Jurisdiction And Venue**

This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), and under 28 U.S.C. § 1331 (federal question).

The parties do not anticipate any issues pertaining to personal jurisdiction or venue.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**F.     Anticipated Discovery**

**1.     Timing, Form or Requirement for Disclosures under Rule 26(a)**

The Parties agree to make their initial disclosures by June 14, 2019.  Defendant's agreement to do so is without prejudice to its Motion to Dismiss/Strike, and its position is that discovery pending the resolution of the Motion to Dismiss/Strike is premature and potentially unnecessary.

**2.     Subjects on Which Discovery Is Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases**

<u>Plaintiff's Position</u>

Plaintiff anticipates that discovery will be needed on at least the following subjects: (1) Defendant's use of an automatic telephone dialing system to send text messages; (2) Defendants' failure to obtain prior express written consent before sending text messages to consumers ; (3) Defendant's procedures for ensuring compliance with the TCPA; and (4) the identities of consumers improperly contacted by Defendant, including Defendant's call logs.

Plaintiff proposes the following schedule for discovery:

| | |
|---|---|
| June 14, 2019 | Exchange of initial disclosures |
| June 30, 2019 | Defendant to complete production of documents |
| January 17, 2020 | End of fact discovery |
| January 17, 2020 | Plaintiff to move for class certification |
| February 7, 2020 | Defendant to file opposition to class certification |
| February 21, 2020 | Plaintiff to file reply in support of class certification<br><br>End of expert discovery |
| March 5, 2020 | Hearing on class certification |

Defendant's Position

Due to the nature of Plaintiff's claim and the threshold issue of whether Defendant is the "maker" of the challenged texts, Defendant's position is that, to the extent Plaintiff's claim survives the Motion to Dismiss/Strike (and it should not), discovery should be phased, with the parties first engaging in a brief (90-day) period of discovery narrowly tailored to the potentially dispositive issue of whether Defendant is the "maker" of the challenged texts, with all other discovery held in abeyance during the initial discovery period. At this initial stage of the litigation, it is neither an efficient nor appropriate use of this Court's or the Parties' resources to engage in litigation beyond the threshold issue of whether Defendant was the maker of the text messages, and whether Plaintiff has any valid claim as a result. Nor should Defendant be required to respond to vast discovery at this early stage that may well end up being moot and an unnecessary expense for both Parties. Accordingly, Defendant requests the Court set a brief initial 90-day period for discovery concerning the maker of the challenged texts ("Initial Discovery"), and otherwise temporarily stay all other discovery.

The discovery relevant to the "maker" issue can and should be narrowly tailored to that relevant to the issue of who caused the challenged texts to be sent. *See Reichman v. Poshmark, Inc.*, No. 16-cv-02359-DMS-JLB, 2017 WL 2104273 (S.D. Cal. May 15, 2017) (allowing—see ECF No. 21—and then granting motion for early summary judgment limited to the "maker" issue). The fact that the text messages are verification codes shows that they were generated by and in

direct response to user prompts. Interpreting the FCC guidance on the "maker" issue, courts have repeatedly held that, when an app user takes affirmative steps to send an invitational text message through an app, the app user (not provider) is the maker of the text. *Rules & Regulations Implementing the TCPA*, 30 F.C.C. Rcd. 7961 (2015); *see, e.g., Derby v. AOL, Inc.*, 2015 WL 5316403, at *3-4 (N.D. Cal. Sept. 11, 2015) (dismissing TCPA claim because "sending [text] messages to the wrong recipient" is "triggered by some form of human action" and therefore does not satisfy the ATDS element); *McKenna v. WhisperText*, 2015 WL 5264750, at *3 (N.D. Cal. Sept. 9, 2015) (no ATDS where the "[a]pp user is necessary to set processes in motion" to send the text, even if those processes are otherwise automated); *Ibey v. Taco Bell Corp.*, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012) (dismissing complaint where the challenged text "did not appear to be random but in direct response to Plaintiff's message"); *Huricks v. Shopkick, Inc.*, 2015 WL 5013299, at *3 (N.D. Cal. Aug. 24, 2015) (finding that the app provider was not the maker of the invitational text message when the app user had to click a button to invite friends and choose which friends to invite); *Cour v. Life360,* No. 16-cv-00805-TEH, 2016 WL 4039279, at *4 (N.D. Cal. Jul. 28, 2016) (finding the app provider was not the "maker" of an invitational text when the text was only sent after the app would ask the user if they wanted to invite their contacts to the app).

These authorities show that wide-ranging discovery is not necessary to resolve the "maker" issue. Defendant's proposal will, consistent with the directive of Federal Rule of Civil Procedure 1, facilitate the just, speedy, and inexpensive determination of this action by focusing initial discovery and proceedings on the threshold issue of whether there is a factual basis to allow this action to proceed. If there is not, then the Parties and this Court can avoid the burden and expense of litigation and discovery on other issues.

Moreover, courts routinely stay discovery when the case may be resolved quickly through a dispositive motion on a threshold issue. *See Hall v. Tilton*, No. C-07-3233-RMW, 2010 WL 536979, at *2 (N.D. Cal. Feb. 9, 2010) (granting motion for a protective order from overbroad discovery when pending motion would be dispositive, and would moot any discovery requests); *Gibbs v. Carson*, No. C-13-0860 TEH, 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014) (same);

JOIGN STATUS REPORT
2:19-CV-00098-KJM-CKD
5

*Hamilton v. Rhoads*, No. C-11-0227-RMW, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011) (same); *see also B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1978) (holding the court "may properly exercise its discretion to deny discovery").

In the event the matter proceeds beyond the "maker" issue, Defendant's position is that the second phase of discovery (which likely will include discovery regarding the equipment Defendant uses to send texts and whether Plaintiff was the user or subscriber of the cellphone that received the challenged texts at the time the texts were sent) should last approximately 180 days and focus on Plaintiff's individual claim and the class certification requirements of Rule 23 of the Federal Rules of Civil Procedure, with the deadline for the completion of merits discovery (fact and expert) to occur after the Court's resolution of the class-certification issue. Again, Defendant submits that this approach will, consistent with Rules 1 and 26 of the Federal Rules of Civil Procedure, ensure that the parties and the Court do not expend valuable time and resources on matters that will be wasteful or unnecessary in the event class certification is denied, and ensure that the parties will know the resolution of the certification issue in advance of completing merits discovery and other proceedings. *See also* Fed. R. Civ. P. 26 (discovery shall be proportional to the needs of the case). That, of course, makes practical sense because the parties' pre-trial and trial preparation (and this Court's decision about what is necessary and proportional) will understandably be guided by whether this case is limited to Plaintiff's individual claim where the maximum liability is $500 or a class action where the potential exposure is greater. And, consistent with this reality, Defendant proposes that, following the decision on certification and class notice (if a class is certified), this Court set a status conference to set further case deadlines, including deadlines to complete the final phase of discovery to address any merits issues that remain, including experts ("Final Discovery"), for further dispositive motion practice and setting trial.

**3. Changes to the Limitations on Discovery Imposed by the Federal Rules of Civil Procedure**

Aside from their respective positions on the timing and scope of discovery discussed above, the Parties agree that no changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court are required at this time. The Parties reserve

their respective rights to raise such matters to the Court in the future in the event they cannot be resolved through the meet and confer process.

     **G.**    **Anticipated Motions.**

<u>Plaintiff's Position</u>

Defendant filed a Motion to Dismiss/Strike on February 27, 2019.  Plaintiff filed an Opposition to Defendant's Motion to Dismiss/Strike on April 5, 2019, and Defendant filed its Reply in Support on May 15, 2019.

Plaintiff anticipates briefing related to summary judgment and class certification.

<u>Defendant's Position</u>

As noted, Defendant filed its Motion to Dismiss/Strike on February 27, 2019.  If the Court grants Defendant's Motion to Dismiss/Strike with leave to amend, and Plaintiff files a First Amended Complaint, Defendant anticipates filing a motion to dismiss Plaintiff's First Amended Complaint and/or to strike certain allegations in Plaintiff's First Amended Complaint.  As stated above, in the event the Court denies Defendant's Motion to Dismiss/Strike, it anticipates filing an early motion for summary judgment on the threshold dispositive issue that Defendant is not the "maker" of the challenged texts.

     **H.**    **Methods to Avoid Unnecessary Proof and Cumulative Evidence, and Anticipated Limitations or Restrictions on the Use of Testimony Under Federal Rule of Evidence 702**

None at this time.

     **I.**    **Proposed Final Pretrial Conference Date**

As the pleadings are not yet closed, the Parties agree that it is premature to set a proposed date for final pretrial conference.  The Parties agree to meet and confer within twenty (20) days following the ruling on Defendant's Motion to Dismiss/Strike (and any further motions to dismiss and/or strike directed to such subsequent amendments to the Complaint as the Court may allow) to propose a date for final pretrial conference.

**J.     Proposed Trial Date, Estimated Number Of Trial Days And Whether Any Party Has Demanded A Jury Trial**

<u>Plaintiff's Position</u>

Plaintiff proposes a trial date in September 2020, or at a time convenient to the Court's schedule. Plaintiff estimates that trial will last approximately 2 weeks.

<u>Defendant's Position</u>

Plaintiff requests a trial by jury. As the pleadings are not yet closed, Defendant believes that it is premature to set a date for trial. Defendant agrees to meet and confer with Plaintiff within twenty (20) days following the ruling on Defendant's Motion to Dismiss/Strike (and any further motions to dismiss and/or strike directed to such subsequent amendments to the Complaint as the Court may allow and/or threshold motion for summary judgment on the maker issue) to propose a date for trial. At that time, Defendant will better be able to estimate the length of trial.

**K.     Appropriateness Of Special Procedures**

The parties do not believe that any special procedures need to be adopted in this case.

**L.     Modification Of Standard Pretrial Procedures**

<u>Plaintiff's Position</u>

Plaintiff does not anticipate any need for modification of the Court's standard pretrial procedures.

<u>Defendant's Position</u>

Defendant does not believe any modification of the standard pretrial procedures is necessary, except that this case has been brought as a proposed class action. Defendant proposes the phased discovery schedule as outlined in Section F(2) above.

**M.     Related Cases**

The Parties are not presently aware of any related cases.

**N.     Settlement Conference**

While a settlement conference would be premature at this time, the Parties are willing to discuss ADR and private mediation options at an early opportunity.

### O.    Other Discovery Issues

<u>Plaintiff's Position</u>

1. Plaintiff proposes that the parties agree to provide information regarding the source/custodian of any electronic documents they produce as part of the metadata produced in association with electronically produced documents.

2. Plaintiff proposes that any party withholding any documents or information based on the assertion of a privilege shall serve a privilege log within 30 days of production.

3. Plaintiff anticipates that discovery in this case will include the discovery of electronically stored information.  Plaintiff agrees to meet and confer regarding an appropriate protocol for the production of electronically-stored information, as well as a protective order.

<u>Defendant's Position</u>

Defendant agrees to meet and confer about a protective order in this case and the requirements for logging privileged documents.  In the event that the case proceeds to a stage at which electronically stored information is or will be produced, Defendant agrees to meet and confer regarding an appropriate protocol for the production of electronically stored information.

| | | |
|---|---|---|
| Dated: May 22, 2019 | | **BURSOR & FISHER, P.A.** |
| | | By: __/s/ L. Timothy Fisher__ |
| | | L. Timothy Fisher |
| | | |
| | | L. Timothy Fisher (State Bar No. 191626) |
| | | 1990 North California Blvd., Suite 940 |
| | | Walnut Creek, CA  94596 |
| | | Telephone: (925) 300-4455 |
| | | Email:   ltfisher@bursor.com |
| | | |
| | | **BURSOR & FISHER, P.A.** |
| | | Scott A. Bursor (State Bar No. 276006) |
| | | 2665 S. Bayshore Dr. Ste. 220 |
| | | Miami, FL 33133-5402 |
| | | Telephone: (305) 330-5512 |
| | | Facsimile:  (212) 989-9163 |
| | | E-Mail: scott@bursor.com |
| | | |
| | | *Attorneys for Plaintiff* |
| Dated:   May 24, 2019 | By: | /s/   Laura A. Stoll |
| | | LAURA A. STOLL |
| | | *lstoll@goodwinlaw.com* |
| | | **GOODWIN PROCTER LLP** |
| | | 601 S. Figueroa Street, 41st Floor |
| | | Los Angeles, CA  90017 |
| | | Tel.: +1 213 426 2500 |
| | | Fax.: +1 213 623 1673 |
| | | |
| | | BROOKS R. BROWN (SBN 250724) |
| | | *bbrown@goodwinlaw.com* |
| | | **GOODWIN PROCTER LLP** |
| | | 901 New York Avenue NW |
| | | Washington, DC  20001 |
| | | Tel.: +1 202 346 4000 |
| | | Fax.: +1 202 346 4444 |
| | | |
| | | Attorneys for Defendant: |
| | | MUSICAL.LY, INC. |